PER CURIAM:
On October 1, 1990, claimant was operating her 1983 Oldsmobile Delta 88 on Route 14 in Parkersburg, Wood County. While crossing the Fifth Street Bridge, claimant’s vehicle struck a hole on the right side of the lane causing damage to both tires on the right side of her vehicle. Claimant brought this claim in the amount of $558.09 to recover for the damages to the tires, a wheel, and a trim ring.
Claimant testified that her vehicle struck a hole located about six inches from the curb on the Fifth Street Bridge. There was other traffic on the bridge. She observed a crew performing maintenance on the ramp to the bridge which she assumed were respondent’s employees. She was driving at approximately thirty-five miles per hour when her vehicle struck the hole and both tires on the right side of her vehicle went flat. The incident occurred at around 11:00 a.m. she saw the hole just prior to driving into it. After her accident, she obtained Notice of Claim Forms and took the same to her insurance agent’s office where an individual completed the forms, she signed the forms, and then took them to the “State Road Commission” whereupon the forms were mailed to the Court of Claims for filing. Although claimant’s testimony revealed that the incident occurred on Route 14, her Notice of Claim forms indicated that the incident occurred on Route 95.
Respondent’s investigation of the claim was based upon the statement in claimant’s Notice of Claim forms which indicated that the accident had occurred on Route 35. Respondent was therefore not prepared to defend this claim for alleged defects on Route 14. However, Paul F. Reese, respondent’s maintenance superintendent for Wood County, testified that the maintenance garage is not far from the area where claimant had her accident. It was an area with heavy traffic, and he keeps a close watch on the area for problems. He indicated that the curb may have been broken in several places, but the road surface was properly maintained. The travel lanes in the area of claimant’s accident are the average width.
The Court, having reviewed the record in this claim is constrained to find that negligence on the part of the respondent was not established by the claimant. It is incumbent upon the knowledge of the hazard upon which the claim is based. As claimant failed to established such notice, the Court is unable to find that respondent was negligent.
*155 Therefore, the Court is of the opinion to and must deny this claim.
Claim disallowed.